IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

        Plaintiff,                     No. 2:08-cv-1346-LKK-JFM (PC)

   vs.

SUZAN HUBBARD, et al.,         <u>ORDER AND</u>

        Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims against twelve defendants named in plaintiff's first amended complaint, filed January 22, 2009. Therein, plaintiff claims that defendants denied him participation in the Meals on Wheels program for thirty-eight days, in violation of his rights under the Eighth Amendment to the United States Constitution, the Americans with Disabilities Act (ADA) and the Rehabilitation Act. Plaintiff also claims that defendants violated his rights under the First and Fourteenth Amendments, the ADA and the Rehabilitation Act by denying his request to acquire a computer with a legal database on the hard drive. Plaintiff also raises pendent state law claims based on the two sets of allegations that underlie his federal claims. This matter is before the court on the motions of eight of the defendants to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

At all times relevant to this action, plaintiff has been incarcerated at California Medical Facility (CMF) in Vacaville, California. Plaintiff's first amended complaint contains the following allegations. Plaintiff has been mobility impaired since 2001, and has been fed in his cell as part of the Meals on Wheels program since 2004. From August 7, 2007 through September 15, 2007, plaintiff was denied participation in the Meals on Wheels program. In July 2007, defendant Chanan created a daily conflict between custody and nursing staff over who was responsible for serving the Meals on Wheels food trays. On the days that defendant Chanan worked, cell food trays would sit for hours and on some days plaintiff was not fed at all. One day when the food was finally served it was cold.

On August 7, 2007, a memorandum was generated that reduced the number of inmates fed by Meals on Wheels from twenty-nine to thirteen in plaintiff's housing unit. None of the other units' Meals on Wheels programs were affected. On the same day, defendant Shelton

2

told plaintiff he would not longer be part of the Meals on Wheels program and would not be getting a food tray. On August 14, 2007, defendant Shelton sent several Meals on Wheels trays back to the kitchen, refusing to feed plaintiff and several other handicapped inmates who he "knew had not been fed in a week and were hungry." Amended Complaint, filed January 22, 2009, at 6. On August 16, 2007, plaintiff gave a letter to defendant Andreasen advising him about the conflict over Meals on Wheels in his housing unit and that he was not being fed. Defendant Andreasen refused to intervene.

On August 20, 2007, plaintiff submitted an ADA Reasonable Accommodation Request Form asking to be fed. On August 21, 2007, defendant Borbe sent several food trays back to the kitchen, refusing to feed plaintiff and several other handicapped inmates. Defendant Borbe told plaintiff that defendant Johns had ordered him not to feed plaintiff.

On September 7, 2007, plaintiff was interviewed by defendant Zhu, who "was very callous and curt not seeming to care that Plaintiff was hungry and in pain." Id. at 7. She wanted plaintiff to withdraw his ADA request, and she "was biased and denied the plaintiff due process on his ADA issues and the minimal civilized measure of life's necessities – FOOD. . . ."

On September 13, 2007, defendant Andreasen denied plaintiff's request to be reinstated in the Meals on Wheels program. On September 14, 2007, plaintiff "received food from the Defendants for the first time since August 6, 2007." Id. On September 20, 2007, plaintiff resubmitted his ADA Reasonable Accommodation Request. On October 9, 2007, plaintiff received a second level response from defendant Hubbard, who partially granted the request because plaintiff had been placed back in the Meals on Wheels program and was receiving food. On October 10, 2007, plaintiff submitted his grievance to the third and final level of review so that he could exhaust remedies to pursue his claims. On October 19, 2007, plaintiff received a final level decision from defendant Grannis. The decision contains false statements about plaintiff's grievance.

/////

Plaintiff has carpal tunnel syndrome and "a long history of venous insufficiency, degenerative disc disease, osteoarthritis, neuropathy, edema of both knees, extensive varicose veins [and] [h]e suffers from bulging disc with spinal spurs and epidural lipomatosis in his spine." Amended Complaint, at 10. These medical conditions make it very difficult for plaintiff to sit or stand for more than thirty minutes in an eight hour day, and his "Carpal Tunnel Syndrome is so painful that he can only write about fifty words or for about twenty minutes before the pain becomes unbearable and he must stop." Id. It is "very painful" for him to spend long periods of time in the law library, which is the only place he has access to a computer. Due to these impairments, plaintiff made a request under the ADA and Section 504 of the Rehabilitation Act for permission to acquire at his own expense a computer with a hard drive preloaded with a legal data base, with a word processing program, and a printer. Defendants Hubbard and Grannis denied this request. As a result of this denial, a petition for writ of habeas corpus filed by plaintiff in this court, Case No. 2:06-cv-2594 GEB EFB (HC), was, on March 21, 2008, dismissed as untimely. Defendant Hubbard has also authorized policies that deny plaintiff basic supplies with which to prepare pleadings for court filings.

## DEFENDANTS' MOTIONS

I. Defendants Andreasen, Hubbard, Grannis, Gibbs, Duffy, Chanan and Williams

    A. Denial of Food

It is well established that the "sustained deprivation of food" to an inmate can violate the Eighth Amendment. See Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009). While "there may be 'a difference between using food deprivation as a punishment and establishing a reasonable condition to the receipt of food,' . . . [t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Id. (quoting Freeman v. Berge, 441 F.3d 543, 545 (7th Cir. 2006).

> In the same way that an inmate relies on prison officials to provide appropriate medical care, see Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and protection from assaults by

> other inmates, see Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), inmates rely on prison officials to provide them with adequate sustenance on a daily basis. The repeated and unjustified failure to do so amounts to a serious depravation [sic].

Id.

### 1. Failure to State a Claim Upon Which Relief May Be Granted

In their motion to dismiss, filed March 23, 2009, defendants Andreasen, Hubbard, Grannis, Gibbs, Duffy, Chanan and Williams argue that plaintiff has failed to state a claim for relief against any of them in connection with the alleged denial of food. Each of their arguments is addressed in turn.

Defendant Andreasen argues that his only involvement in the events complained of was his act of denying plaintiff's ADA Reasonable Accommodation Request. Defendant Andreasen contends that this is not sufficient to support a claim in this § 1983 action because (1) plaintiff has no constitutional right to an inmate grievance procedure or to investigation of grievances; (2) he did not cause CMF staff to stop feeding plaintiff; and (3) plaintiff's claim against him amounts to no more than a difference of opinion with defendant Andreasen's assessment that there were "no medical indicators" that called for plaintiff to be fed in his cell. Defendants' Motion to Dismiss, filed March 23, 2009, at 10.

Defendant Andreasen's first argument misses the mark. Plaintiff's claim against defendant Andreasen is based on allegations that defendant Andreasen participated in denying plaintiff meals by not granting his ADA request. The claim does not implicate any right, or lack thereof, to an inmate grievance procedure or investigation of grievances. Defendant Andreasen's second argument also misses the mark. Plaintiff's claim is that defendant Andreasen failed to remedy the alleged wrongful removal of plaintiff from the Meals on Wheels program and the denial of cell feeding and in that way participated in the alleged violations of constitutional and statutory rights; liability, if it attaches, is not necessarily limited to those who removed plaintiff from the Meals on Wheels program. Finally, defendant Andreasen's third argument is properly

1  raised, if at all, on a motion for summary judgment.  The allegations of plaintiff's amended
2  complaint, which must be accepted as true on this motion to dismiss, are that plaintiff was
3  removed from the Meals on Wheels program, which he had been part of for three years, because
4  of a conflict between custody staff and nursing staff over who would deliver the trays to the cells
5  and not because of anything related to plaintiff's need for in cell feeding.  For these reasons,
6  defendant Andreasen's contention that plaintiff has failed to state a cognizable claim for relief
7  against him is without merit.

8          Defendants Hubbard and Grannis also contend that they cannot be held liable for
9  the alleged federal constitutional and statutory violations resulting from the denial of in cell
10 feeding because their only involvement was in processing plaintiff's inmate appeal after plaintiff
11 had been returned to the Meals on Wheels program.  This contention is supported by the
12 allegations of the first amended complaint.  Neither of these defendants participated in any way
13 in keeping plaintiff off the Meals on Wheels program; both addressed plaintiff's grievance after
14 he had been restored to the program.  Plaintiff's allegations concerning alleged false statements
15 in defendant Grannis' decision at the third level of review do not show any violation of plaintiff's
16 federal constitutional or statutory rights.  Defendants' motion to dismiss should be granted as to
17 plaintiff's claim against defendants Hubbard and Grannis arising from the alleged deprivation of
18 in cell feeding.

19         Defendants Gibbs, Duffy, Williams, and Chanan all contend that they should be
20 dismissed because the allegations against them are based solely on their supervisory roles, and
21 that "[t]here are no allegations that these Defendants were aware that [plaintiff] was being denied
22 food altogether, but refused to intervene."  Motion to Dismiss, at 11.  This contention is without
23 merit. Plaintiff alleges that defendant Gibbs"authorized the denial of plaintiff's meals."  First
24 Amended Complaint, at 4.  Plaintiff alleges that defendants Duffy and Williams "refused to
25 intervene when [they] he learned the Plaintiff was not being fed."  Id. at 3, 4.  Plaintiff alleges
26 that defendant Chanan helped to create the conflict that led to plaintiff being removed from the

Meals on Wheels program, and that he was responsible for seeing that plaintiff was fed but failed to meet that responsibility. Id. at 4, 5. These allegations are sufficient to state a cognizable claim for relief against these four defendants. This aspect of defendants' motion to dismiss should be denied.

### 2. Qualified Immunity

Defendants Andreasen, Hubbard and Grannis also contend that they are entitled to qualified immunity.

> A qualified immunity affirmative defense is subject to a two-step analysis. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Drummond ex rel. Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir.2003). The first step is to determine whether the alleged actions are unconstitutional as a matter of law. Saucier, 533 U.S. at 201, 121 S.Ct. 2151. If so, the next step is to analyze whether the defendants are entitled to qualified immunity because the rights asserted were not clearly established at the time. Id.

Bahrampour v. Lampert, 356 F.3d 969, 976 (9th Cir. 2004). The second prong of the qualified immunity test requires examination of whether defendants' actions "'violated clearly established statutory or constitutional rights of which a reasonable person would have known.'" Prison Legal News v. Lehman, 397 F.3d 692, 701 (9th Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

For the reasons set forth in section IA1, supra, plaintiff has failed to state a cognizable claim for relief against defendants Hubbard and Grannis and these defendants are therefore entitled to dismissal. Defendant Andreasen asserts his entitlement to qualified immunity on the ground that plaintiff has no constitutional right to a prison grievance procedure. For the reasons set forth in section IA1, supra, that contention misses the gravamen of plaintiff's claim against defendant Andreasen. Accordingly, defendant Andreasen's motion for dismissal on the ground that he is entitled to qualified immunity should be denied.

/////

/////

B. Equal Protection

Defendants next seek dismissal of plaintiff's claim that his removal from the Meals on Wheels program and the accompanying denial of in cell feeding violated his rights under the Equal Protection Clause of the Fourteenth Amendment. Defendants contend that plaintiff has failed to state a cognizable claim under the Equal Protection Clause because he has alleged neither membership in a protected class nor discrimination on the basis of such membership. In opposition, plaintiff, citing Bonner v. Lewis, 857 F.2d 559 (9th Cir. 1988), asserts that he is alleging discrimination on the basis of disability.

State prison inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment. Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333, 334 (1968)).

> In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness-specifically, whether the actions of prison officials are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); see also Jordan v. Gardner, 986 F.2d 1521, 1530 (9th Cir.1993) (equal protection concerns fall under Turner ).

Walker, at 974. Viewing the allegations of the amended complaint in the light most favorable to the plaintiff,

Plaintiff alleges that his removal from the Meals on Wheels program arose from a conflict between custody staff and nursing staff over who would deliver the in-cell meals to inmates in the Meals on Wheels program. Viewing the allegations of the amended complaint in the light most favorable to plaintiff, as the court must on this motion to dismiss, those allegations could support a finding that the removal of plaintiff from the program was not reasonable. Accordingly, those defendants against whom a claim is stated based on their involvement in the alleged deprivation of in-cell feeding are not entitled to dismissal of plaintiff's equal protection claim.

/////

C. <u>Access to the Courts</u>

Plaintiff claims that defendants Hubbard and Grannis interfered with his right to access the courts and violated his rights under the federal disability statutes by denying his request to obtain and keep a computer with a legal database, word processing program and printer. Plaintiff also claims that defendant Hubbard has interfered with his right to access the court in connection with policies that deny plaintiff materials necessary to prepare documents for court filings. Plaintiff claims these events caused a habeas corpus petition filed in this court to be denied as untimely.

Defendants Hubbard and Grannis seek dismissal of this claim on the ground that there is no allegation that they caused the late filing. In addition, defendants ask the court to take judicial notice of the fact that the court in the habeas corpus action rejected these same contentions because the record showed that plaintiff had filed three other petitions during the same time the petition was due in that case. Finally, defendants contend that plaintiff "has demonstrated in the present case that he has unfettered access to the Court." Motion to Dismiss, at 15.

In <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. <u>Lewis v. Casey</u>, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." <u>Id.</u> at 356. To state a cognizable claim, plaintiff must allege that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. <u>Id.</u>

As noted above, to support this claim plaintiff alleges that the denial caused sufficient delay in filing a petition for writ of habeas corpus in this court that the petition was

/////

dismissed as untimely. Review of the record in that case[1] shows that plaintiff raised a similar contention in opposition to a motion to dismiss that action as time-barred, claiming that the denial of his request for adequate computer equipment entitled him to equitable tolling of the limitation period. See Opposition to Motion for Summary Judgment and Dismissal, filed Aug. 20, 2007 in Case No. 2:06-2594 GEB EFB (HC). The court rejected that argument on the grounds that plaintiff had not shown that he had made any attempt to use available prison resources to timely prepare his habeas corpus petition and, therefore, that he had shown no diligence and was not entitled to equitable tolling. See Findings and Recommendations, filed February 12, 2008 and Order filed March 24, 2008 in Case No. 2:06-2594 GEB EFB (HC). Given those findings, plaintiff cannot make the showing, required by a claim of interference with access to the courts, that defendant Hubbard and Grannis' denial of his request for computer request caused him to lose his habeas corpus action. For that reason, defendants' motion to dismiss this claim should be granted.

D. Requests for Injunctive Relief

Defendants' final argument is that plaintiff's cannot obtain the injunctive relief that he seeks in this action because he is a member of the class in Armstrong v. Schwarzenegger, a class action that is governed by a consent decree, and must seek injunctive relief, if at all, through the procedures set up in Armstrong.[2] The court need not reach that argument. Plaintiff seeks an order requiring defendants to provide him with three meals a day in his cell for the

---

[1] Defendants have filed a request for judicial notice, in which they ask the court to take judicial notice of, inter alia, findings and recommendations filed in Case No. 2:06-cv-2594 GEB EFB (HC). A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Good cause appearing, defendants' request for judicial notice will be granted as to said findings and recommendations.

[2] To support this contention, defendants request judicial notice of several documents filed in the Armstrong case. For the reasons set forth infra, this court recommends dismissal of plaintiff's requests for injunctive relief for reasons different from those urged by defendants. Accordingly, the court will not take judicial notice of the Armstrong documents tendered by defendants.

duration of his confinement and an order requiring defendants to allow him to possess his own computer with specific software. For the reasons set forth in section I(C), supra, plaintiff's claim of interference with access to the courts must be dismissed. Accordingly, the corresponding claim for injunctive relief must also be dismissed.

Plaintiff's prayer for injunctive relief concerning in-cell feeding should also be dismissed. According to the allegations of the complaint, plaintiff was restored to the Meals on Wheels program on September 14 or 15, 2007. The request for injunctive relief concerning in cell feeding is moot and should be dismissed for that reason.

II. Defendant Zhu

Defendant Zhu seeks dismissal on two grounds. First, defendant Zhu contends that her sole role in the events complained of was to interview plaintiff in connection with the grievance he filed concerning his removal from the Meals on Wheels program and that those actions cannot support liability under § 1983 because inmates do not have a constitutional right to a prison grievance process. Defendant Zhu also contends that she is entitled to qualified immunity.

Plaintiff's amended complaint contains the following allegations against defendant Zhu:

> On September 7, 2007, Plaintiff was interviewed by Defendant Zhu, M.D. She was very callous and curt not seeming to care that the Plaintiff was hungry and in pain. Her interest was in getting the Plaintiff to withdraw his ADA Reasonable Accommodation Request Form (CDC-1824). She was biased and denied the plaintiff due process on his ADA issues and the minimal civilized measure of life's necessities – FOOD, with total disregard for the plaintiff's health and safety.

Amended Complaint, at 7. Plaintiff's administrative grievance was subsequently denied by defendant Andreasen at the first level of review. Id.

Defendant Zhu's contention that plaintiff has failed to state a cognizable claim for relief against her because plaintiff has no entitlement to an inmate grievance procedure misses

11

the mark. Plaintiff's claim against defendant Zhu is based on allegations that defendant Andreasen participated in denying plaintiff meals by attempting to get him to withdraw his ADA request and by taking a biased and callous attitude toward the request, which was subsequently denied by defendant Andreasen. The claim does not implicate any right, or lack thereof, to an inmate grievance procedure or investigation of grievances, and plaintiff's allegations are sufficient to state a cognizable claim for relief against defendant Zhu. Defendant Zhu claims entitlement to qualified immunity on the ground that plaintiff has no constitutional right to a prison grievance procedure. For the reasons set forth in this section, that contention misses the gravamen of plaintiff's claim against defendant Zhu and is without merit.

For the foregoing reasons, defendant Zhu's motion to dismiss should be denied.

In accordance with the above, IT IS HEREBY ORDERED that defendants' March 23, 2009 request for judicial notice is granted as to the findings and recommendations attached to the request as Exhibit 5 and denied as unnecessary as to all other documents; and

IT IS HEREBY RECOMMENDED that:

1. The March 23, 2009 motion of defendants Andreasen, Hubbard, Grannis, Gibbs, Duffy, Chanan and Williams to dismiss be granted as to plaintiff's claims against defendants Hubbard and Grannis and as to plaintiff's requests for injunctive relief and denied in all other respects;

2. Defendant Zhu's October 28, 2009 motion to dismiss be denied; and

3. Defendants Andreasen, Gibbs, Duffy, Chanan, Williams and Zhu be directed to answer the amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to objections
2  shall be filed and served not later than fourteen days thereafter.  The parties are advised that
3  failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: December 15, 2009.

UNITED STATES MAGISTRATE JUDGE

12
sava1346.mtd