IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

       Plaintiff,                    No. 2:08-cv-1346-LKK-JFM (PC)

    vs.

SUZAN HUBBARD, et al.,

       Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims against twelve defendants named in plaintiff's first amended complaint, filed January 22, 2009. Therein, plaintiff claims that defendants denied him participation in the Meals on Wheels program for thirty-eight days, in violation of his rights under the Eighth Amendment to the United States Constitution, the Americans with Disabilities Act (ADA) and the Rehabilitation Act. Plaintiff also claims that defendants violated his rights under the First and Fourteenth Amendments, the ADA and the Rehabilitation Act by denying his request to acquire a computer with a legal database on the hard drive. Plaintiff also raises pendent state law claims based on the two sets of allegations that underlie his federal claims.

/////

Plaintiff has filed two motions for injunctive relief. By the first motion, plaintiff seeks an order preventing defendants from taking away a medically prescribed chair that plaintiff has had for sleeping for several years due to numerous medical conditions which plaintiff alleges are complicated by sleeping in a bed. The second motion, which is presented in the form of a letter, also seeks injunctive relief requiring defendants to provide plaintiff with medically appropriate sleeping arrangements. In the latter motion, plaintiff alleges that he is being deprived of any way to sleep consistent with his medical condition in retaliation for filing accommodation requests pursuant to the Americans with Disabilities Act.

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id.

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International

1  <u>Association of Machinists and Aerospace Workers</u>, 584 F.2d 308, 315 (9th Cir. 1979). Implicit
2  in this required showing is that the relief awarded is only temporary and there will be a full
3  hearing on the merits of the claims raised in the injunction when the action is brought to trial.
4  Because the claims raised in plaintiff's motions are not part of the underlying
5  complaint, the claims will not be given a hearing on the merits at trial. Further, plaintiff is
6  required to exhaust administrative remedies with respect to all claims raised in a civil rights
7  action prior to bringing the action. <u>See</u> 42 U.S.C. § 1997e(a). That requirement cannot be
8  satisfied with respect to the claims raised in his motions for injunctive relief, which are based on
9  events that post-date the commencement of this action. For these reasons, plaintiff's motions for
10 injunctive relief should be denied.
11 In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's
12 March 2, 2009 and July 22, 2009 motions for preliminary injunctive relief be denied.
13 These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties. Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations." Any response to objections
18 shall be filed and served within fourteen days after service of the objections. The parties are
19 advised that failure to file objections within the specified time may waive the right to appeal the
20 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
21 DATED: December 15, 2009.

UNITED STATES MAGISTRATE JUDGE

12
sava1346.pi