IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

      Plaintiff,                     No. 2:08-cv-1346 LKK JFM (PC)

   vs.

SUZAN HUBBARD, et al.,          ORDER AND

      Defendants.            ORDER TO SHOW CAUSE

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 15, 2010, plaintiff filed a motion for a court order requiring defendants to permit him to acquire certain "supplies and tools" with which to prosecute this action and to permit plaintiff's wife to bring legal materials with her to their regular visits. On April 5, 2010, the court issued a notice setting a briefing schedule for the motion pursuant to Local Rule 230(l). The time for filing opposition to the motion pursuant to said notice has passed and defendants have not responded in any way to plaintiff's motion.

       Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

/////

/////

1

the granting of the motion . . . ." Good cause appearing, defendants will be ordered show cause in writing, if any they have, why plaintiff's motion should not be granted in part.[1]

On June 3, 2010, plaintiff filed a motion to extend the time to conduct discovery in this action by ninety days.[2] On June 23, 2010, defendants filed a motion for a thirty day extension of time to serve responses to plaintiff's requests for admissions. Pursuant to this court's amended scheduling order, all motions to compel discovery are to be filed by July 26, 2010, and all discovery requests were to be served not later than sixty days before that date. Good cause appearing, both motions will be granted and the court will issue a revised scheduling order concurrently with this order. No further extensions of time to conduct, respond to, or complete discovery will be granted.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Within ten days of the date of this order, defendants shall show cause in writing, if any they have, why plaintiff's March 15, 2010 motion should not be granted except insofar as plaintiff seeks a court order requiring defendants to permit him to possess a wordprocessor and printer;

2. Plaintiff's June 3, 2010 motion for an extension of time to conduct discovery is granted;

3. A further amended scheduling order is issued concurrently with this order;

4. Defendants June 23, 2010 motion for an extension of time to respond to plaintiff's request for admissions is granted;

---

[1] To the extent that plaintiff by his March 15, 2010 motion seeks an order requiring defendants to permit him to possess an I.B.M Wordprocessor and printer, the court will recommend that the motion be denied. Plaintiff's claim of alleged interference with access to the courts and his corresponding prayer for injunctive relief requiring defendants to allow him to obtain and keep a computer with a word processing program and a printer have been dismissed. See Order filed March 11, 2010, adopting Findings and Recommendations, filed December 16, 2009.

[2] Plaintiff's motion is deemed filed on May 26, 2010, the date on which it was delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988).

5. Defendants shall serve their responses to plaintiff's request for admissions not later than July 26, 2010; and

6. No further extensions of time to conduct, respond to, or complete discovery will be granted.

DATED: June 28, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
sava1346.o