IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

    Plaintiff,                                   No. 2:08-cv-1346 LKK JFM (PC)

  vs.

SUZAN HUBBARD, et al.,

    Defendants.                                  <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 15, 2010, plaintiff filed a motion for a court order requiring defendants to permit him to acquire certain "supplies and tools" with which to prosecute this action and to permit plaintiff's wife to bring legal materials with her to their regular visits. On April 5, 2010, the court issued a notice setting a briefing schedule for the motion pursuant to Local Rule 230(l). Defendants did not timely file an opposition to the motion, and on June 30, 2010, this court issued an order directing defendants to show cause within ten days why plaintiff's motion should not be granted. On July 2, 2010, defendants filed a response to the

/////

/////

/////

1

order to show cause, in which they oppose the motion.  On July 12, 2010, plaintiff filed a document styled as objections to the order to show cause.[1]

The legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor."  Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief awarded is only temporary and there

/////

---

[1] In that document, plaintiff also requests that the district court vacate the referral of this action to the undersigned.  By order filed July 1, 2010, the district court denied plaintiff's previously filed request for reassignment of this action to a new magistrate judge.  That order is dispositive of the instant request.

will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

This action is proceeding on claims raised in plaintiff's first amended complaint, filed January 22, 2009, arising from alleged actions taken to deny plaintiff participation in the Meals on Wheels program at California Medical Facility (CMF). Plaintiff's claim concerning alleged interference with access to the courts through the denial of his request to obtain and keep a computer with a legal database, word processing program and printer has been dismissed from this action. See Findings and Recommendations, filed December 16, 2009, at 9-11; Order filed March 11, 2010, at 2. The contentions raised in plaintiff's motion are not cognizable as part of the underlying complaint and therefore will not be given a hearing on the merits at trial. Moreover, to the extent that plaintiff's motion is predicated on allegations that might suggest interference with his ability to prosecute this action, the record before this court amply demonstrates that plaintiff has not suffered cognizable harm to his ability to pursue the claims raised in his first amended complaint.

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's March 15, 2010 motion be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

/////

/////

/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
sava1346.inj