1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9 BOB SAVAGE,

10              Plaintiff,                    No. 2:08-cv-1346 LKK JFM (PC)

11       vs.

12 SUZAN HUBBARD, et al.,

13              Defendants.              <u>ORDER</u>

14 _____/

15       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

16 42 U.S.C. § 1983.  Plaintiff claims that defendants violated his rights under the Eighth

17 Amendment, the Americans with Disabilities Act, and the Rehabilitation Act by denying him

18 participation in the prison Meals on Wheels program for thirty-eight days.  Several discovery

19 disputes are pending before the court.

20       On July 12, 2010, plaintiff filed a document styled "Request for Court Order as to

21 Defendant's Interrogatories and Objections to Interrogatories."  Therein, plaintiff requests a court

22 order relieving him of the obligation to respond to interrogatories propounded by defendants until

23 defendants have provided further responses to plaintiff's request for production of documents

24 and two defendants have responded to plaintiff's interrogatories or until after the court rules on

25 /////

26

1

1   plaintiff's motion to compel these discovery responses.[1]  On October 28, 2010, defendants filed a

2   motion to compel responses to these discovery requests.

3              The court construes plaintiff's request as a request for a protective order.  Rule

4   26(c) of the Federal Rules of Civil Procedure provides in relevant part:

5              (c) Protective Orders.

6              (1) In General.

7              A party or any person from whom discovery is sought may move
               for a protective order in the court where the action is pending . . . .
8              The motion must include a certification that the movant has in
               good faith conferred or attempted to confer with other affected
9              parties in an effort to resolve the dispute without court action. The
               court may, for good cause, issue an order to protect a party or
10             person from annoyance, embarrassment, oppression, or undue
               burden or expense, including one or more of the following:

11             . . . .

12             (B) specifying terms, including time and place, for the disclosure
13             or discovery;

14   Fed. R. Civ. P. 26(c)(1)(B).  Plaintiff's request is predicated solely on the fact that he disputes the

15   adequacy of defendants' responses to certain of his discovery requests.  He has made no showing

16   that his responses to defendants' discovery request depend in any way on receipt of further

17   responses from defendants.  Plaintiff's July 12, 2010 request, construed as a motion for a

18   protective order, will be denied.  Plaintiff will be directed to respond within forty-five days to

19   defendants' interrogatories.  Defendants' October 28, 2010 motion is mooted by this order and

20   will therefore be denied.

21             On July 20, 2010, plaintiff filed a motion to compel discovery responses and for

22   sanctions.  Plaintiff seeks an order requiring defendants to provide further responses to his first

23   request for production of documents and an order requiring defendants Duffy and Gibbs to

24   /////

25

26        [1]  That motion was filed on July 20, 2010 and is resolved by this order.

1  respond to plaintiff's first set of interrogatories.[2] In opposition, defendants contend that their

2  responses to plaintiff's first request for production of documents was adequate and that

3  defendants Gibbs and Duffy were not served with plaintiff's first set of interrogatories.

4  Plaintiff attached to his motion a copy of his first set of interrogatories as well as

5  responses served by defendants who responded thereto. See Exs. 3 and 4 to Motion to Compel

6  filed July 20, 2010. Plaintiff's first set of interrogatories is dated April 7, 2010. Ex. 3 to Motion

7  to Compel filed July 20, 2010. The first page of that set of interrogatories provides in relevant

8  part that plaintiff is requesting "that the Defendant's [sic] Andreasen, *Gibbs*, *Duffy* Chanan,

9  Williams, Zhu, Shelton, Sabin, Johns, and Borbe response to the following interrogatories." Ex.

10  3 to Motion to Compel filed July 20, 2010, at 1 (emphasis added).

11  Defendants attached to their opposition a proof of service dated April 14, 2010

12  that provides certification of service of "Interrogatories for Defendant's [sic] Zhu, Borbe, Johns,

13  Andreasen, Chanan, Williams, Shelton, and Sabin." Ex. A to Declaration of Matthew W.

14  Kubicek in Support of Opposition to Motion to Compel, filed September 15, 2010. By order

15  filed January 28, 2011, defendants were directed to file a com plete copy of the interrogatories to

16  which that proof of service was appended. On February 1, 2011, defendants complied with that

17  order. Appended to defendants' response is a eight sets of interrogatories, directed individually

18  to defendants Zhu, Borbe, Johns, Chanan, Andreasen, Williams, Sabin, and Shelton, and a letter

19  signed by plaintiff to defense counsel stating, inter alia, that he was enclosing the first set of

20  interrogatories for "some of the defendants." Exs. A and B to Declaration of Matthew W.

21  Kubicek (Kubicek Declaration), filed February 1, 2011. Defense counsel also avers that he has

22  "never been served with, received, or otherwise had possession of" the set of interrogatories

23  appended as Exhibit 3 to plaintiff's July 20, 2011 motion. Kubick Declaration at ¶ 4. On

24

25  [2] Plaintiff also requests an order requiring other defendants to answer his interrogatories "in a sufficient and meaningful manner" but he has made no argument or showing in the motion

26  that the responses served by other defendants were inadequate.

1   February 22, 2011, plaintiff filed a reply to defendants' February 1, 2011 response.  Therein,

2   plaintiff states that "the record shows" that he sent the interrogatories attached as Exhibit 3 to his

3   motion to defense counsel.  However, plaintiff has failed to provide a proof of service or any

4   other evidence corroborating that assertion.

5           After review of the record, this court finds that plaintiff has failed to sustain his

6   burden of showing that defendants Gibbs and Duffy were served with his first set of

7   interrogatories.  Accordingly, plaintiff's motion to compel interrogatory responses from these

8   two defendants will be denied.

9           Plaintiff also seeks an order requiring defendants to provide further responses to

10  each of the twenty requests contained in his first request for production of documents.

11  Defendants objected to all of the requests.  The court has reviewed the requests,[3] defendants

12  responses,[4] and the papers filed in support of and opposition to the motion to compel.  Among

13  other objections raised, defendants objected to several of the requests as "overly broad in scope

14  and time".  With respect to those requests which seek the full name, address, and other personal

15  information for defendants or individuals with whom they have discussed this case or shared

16  documents, defendants object, inter alia, that such information is not relevant.  These objections

17  are well-taken and the court will not order further responses to any specific request contained in

18  plaintiff's first request for production of documents.  The court will, however, require defendants

19  to produce to plaintiff within forty-five days from the date of this order, a copy of each and every

20  document on which any defendant intends to rely at any subsequent stage of this action.

21          On October 21, 2010, plaintiff filed a motion for a protective order.  By that

22  motion, plaintiff seeks an order forbidding defendants from inquiring into matters "not directly

23

24          [3] A copy of plaintiff's first request for production of documents is attached as Exhibit 1
    to plaintiff's motion to compel.

25

26          [4] A copy of defendants' responses to plaintiff's first request for production of documents
    is attached as Exhibit 2 to plaintiff's motion to compel.

1   relevant and related to plaintiff's claims in this action" and privileged matters "such as medical

2   and psychologist reports and/or evaluations, Central Files, Medical Records and work product."

3   Motion for Protection [sic] Order, filed October 21, 2010, at 1.  Defendants oppose the motion

4   on the grounds that (1) plaintiff has no privacy interest in his central file; (2) any privacy interest

5   in his medical file is waived because plaintiff has placed his medical condition in issue by the

6   claims raised in this action; and (3) plaintiff has made no showing that the work product privilege

7   has any application to this action.

8          Plaintiff has not demonstrated that he has a privilege that protects his prison

9   central file, nor has he shown that the work product privilege applies to this action.  With respect

10  to his medical records, any privacy right therein is neither fundamental nor absolute.  See Whalen

11  v. Roe, 429 U.S. 589, 603-604 (1977). The holder of a privacy right can waive it through a

12  variety of acts, including by written authorization or instituting a lawsuit.  Id.  Moreover, where

13  an individual brings an action containing one or more claims which place his health and medical

14  records at issue, release of the records would likely be ordered, even over objection, during

15  discovery.  Plaintiff's allegations in this action place his medical and psychiatric conditions in

16  issue.  Accordingly, his motion for a protective order will be denied.

17         Plaintiff also seeks an order limiting his deposition to one day and not more than

18  seven hours.  On November 17, 2010, plaintiff filed a motion for a court order requiring

19  defendants to permit him to review his deposition transcript.  Appended to that motion is a

20  declaration by plaintiff in which he avers, inter alia, that he cooperated fully in his deposition,

21  which was conducted and completed on October 21, 2010.  That part of plaintiff's motion for

22  protective order concerning his deposition is moot and will therefore be denied.

23         Finally, as noted above, on November 17, 2010, plaintiff filed a motion

24  concerning review of his deposition transcript.  Good cause appearing, defendants will be

25  directed to respond to that motion within ten days.

26  /////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1. Plaintiff's July 12, 2010 request, construed as a motion for a protective order,

3    is denied. Plaintiff shall respond within forty-five days to defendants' interrogatories.

4    2. Plaintiff's July 20, 2010 motion to compel and for sanctions is denied.

5    3. Within forty-five days from the date of this order defendants shall produce to

6    plaintiff a copy of each and every document on which any defendant intends to rely at any

7    subsequent stage of this action.

8    4. Plaintiff's October 21, 2010 motion for a protective order is denied.

9    5. Defendants' October 28, 2010 motion is denied.

10   6. Within ten days from the date of this order defendants shall file and serve a

11   response to plaintiff's November 17, 2010 motion concerning his deposition transcript.

12   7. The deadline for filing dispositive motions in this action is reset to May 30,

13   2011.

14   DATED: March 18, 2011.

15

16   UNITED STATES MAGISTRATE JUDGE

17

18   12

19   sava1346.mtc2

20

21

22

23

24

25

26

6