IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

      Plaintiff,                           No. 2:08-cv-1346 LKK JFM (PC)

    vs.

SUZAN HUBBARD, et al.,

      Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 9, 2011, plaintiff filed his third request for appointment of counsel. Plaintiff's previous two requests were denied. See Orders filed September 15, 2010 and December 17, 2008.

        As noted in the court's prior orders, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In support of the present request, plaintiff presents evidence that he suffers from a speech impediment so severe that the United States District Court

1

1 for the Central District of California and the United States Court of Appeals for the Ninth Circuit
2 both concluded in habeas corpus proceedings that the state courts had not violated petitioner's
3 constitutional to right of self-representation by imposing conditions on petitioner's handling of
4 his own defense at his criminal trial because of that impediment.[1]  Plaintiff contends, inter alia,
5 that the same impediment will impede his ability to present this case at trial.

6          A defense motion for summary judgment is currently pending before the court.
7 Review of the record shows that plaintiff has been adequately able to litigate this action while it
8 has been proceeding solely on papers filed by the parties, and the court does not find exceptional
9 circumstances that would require appointment of counsel prior to disposition of the pending
10 motion for summary judgment.  For that reason, plaintiff's motion will be denied without
11 prejudice to its renewal, as appropriate, should this matter proceed to trial following disposition
12 of defendants' motion for summary judgment.

13          As noted above, plaintiff has also moved for an extension of time to file an
14 opposition to defendants' May 31, 2011 motion for summary judgment.  Good cause appearing,
15 that request will be granted.

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1. Plaintiff's June 9, 2011 motion for appointment of counsel is denied without
18 prejudice;

19          2. Plaintiff's June 17, 2011 motion for an extension of time is granted;

20          3. Plaintiff is granted sixty days from the date of this order in which to file and
21 serve an opposition to defendants' May 31, 2011 motion for summary judgment; and

22 /////
23 /////
24 ⎯⎯⎯⎯⎯⎯⎯⎯

25   [1] It appears that petitioner's state criminal trial occurred in the early 1980s.  See Savage v.
Estelle, 908 F.2d 508 (9th Cir. 1990), attached as Ex. A to Motion for Appointment of Counsel, filed
26 June 9, 2011.

2

n/a

4.  Defendants' reply, if any, shall be filed and served not later than ten days thereafter.

DATED: June 28, 2011.

UNITED STATES MAGISTRATE JUDGE

/12:md
sava1346.31(2)